UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA GREEN PARTY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:22-cv-00518-JRS-DML ) |
| HOLLI SULLIVAN, in her official capacity as Indiana Secretary of State, | ) ) ) ) |
| Defendant. | ) ) |

**Order on Motion to Dismiss**

### I.     Introduction

This is a ballot access case. In Indiana, minor political parties and independent candidates for public office must meet various statutory requirements before being listed on the ballot in state elections. Plaintiffs—the Indiana Green Party, the Libertarian Party of Indiana, various of their officers, and some independent candidates for public office—together bring suit alleging that those requirements as applied violate their First and Fourteenth Amendment rights.

Now before the Court is the State's Motion to Dismiss, (ECF No. 17), which argues (based on a single thirty-seven-year-old case) that Indiana's ballot access scheme is constitutional as a matter of law.

### II.    Legal Standard

Usually, "[a] Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786

F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, the State does not challenge the sufficiency of the complaint's factual allegations. Instead the State argues that controlling law so completely forestalls recovery that, even taking Plaintiffs' allegations as true, no relief can be granted. It is a permissible argument on a Rule 12(b)(6) motion, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."), though an audacious one in context: constitutional claims against ballot access schemes require a "fact-intensive analysis" under the applicable balancing test. *Gill v. Scholz*, 962 F.3d 360, 365 (7th Cir. 2020).

### III. Discussion

Challenges to state electoral regulations are evaluated under the *Anderson-Burdick* balancing test (so-called after a pair of seminal Supreme Court decisions). *Id.* That test directs the Court

> first [to] consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests, it also must consider the extent to which those interests make it necessary to burden the plaintiff's rights. Only after weighing all these factors is the reviewing court in a position to decide whether the challenged provision is unconstitutional.

*Gill*, 962 F.3d at 364 (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)). Because "the balancing test requires careful analysis of the facts," it "should 'not be automatic.'" *Id.* at 364–65 (quoting *Anderson*, 460 U.S. at 789). There is no "'litmus test' [to] neatly separate valid from invalid restrictions." *Id.* at 365 (quoting *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 190 (2008)). Indeed in *Gill* the Seventh Circuit overturned a district court that relied on factual analogies to an earlier-decided case and failed independently to consider the facts of the case then before it. *Id.* ("By relying on [the earlier case], the district court neglected to perform the fact-intensive analysis required for the *Anderson-Burdick* balancing test. That error is particularly evident because the facts . . . do not align.")

Here, the State relies exclusively on *Hall v. Simcox*, 766 F.2d 1171 (7th Cir. 1985) to argue that Plaintiffs' challenge may not proceed. One of the ballot access requirements Plaintiffs challenge is a "two percent requirement": by law,

> "Minor Parties" and "Independents" place their nominees on the general election ballot by submitting nomination petitions signed by qualified registered voters equal in number to 2 percent of the total vote cast for Secretary of State in the last election in the district that the candidate seeks to represent. *See* I.C. 3-8-6-1; I.C. 3-8-6-3.

(Pls.' Compl. 9 ¶ 25, ECF No. 1.) In *Hall*, the Seventh Circuit held that "Indiana's 2 percent requirement does not violate the Constitution." 766 F.2d at 1175. The State argues that Plaintiffs' claim fail as a result. In *Hall*, though, the court was asked to consider challenges only to the two percent requirement and to the lack of a write-in option. *Id.* And even then the court left open the possibility that the two percent requirement, then new, would eventually prove unduly restrictive. *Id.* at 1173.

It has been thirty-seven years since *Hall* was decided.  Both the law and the facts have changed.  Here, Plaintiffs bring a challenge based on a combination of statutory requirements, not solely the two percent requirement, (Pls.' Compl. ¶¶ 50–52, 68, 75, 80, ECF No. 1; Pls.' Resp. 7, ECF No. 27), and in the Court's balancing analysis it must consider how those requirements act together to burden Plaintiffs' rights, *Lee v. Keith*, 463 F.3d 763, 770 (7th Cir. 2006).  Thus *Hall* does not govern the claim.  It is far too early for the Court to say that no relief is possible on the facts as alleged.  Rule 12(b)(6) dismissal is not appropriate.

Finally, the State invites the Court to rely on *Hall* at least to dismiss Plaintiffs' challenge to the two percent requirement.  (Def.'s R. 4, ECF No. 33.)  But that challenge is part and parcel of the challenge to the scheme as a whole—which claim remains valid—and "Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015).  The Court will not grant partial dismissal here.

### IV.   Conclusion

Evaluation of Plaintiffs' constitutional challenge will require a fact-intensive balancing analysis.  It is not forestalled as a matter of law; Rule 12(b)(6) disposition is not appropriate.

The State's Motion to Dismiss, (ECF No. 17), is **denied.**

**SO ORDERED.**

Date: 10/28/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution by CM/ECF to registered counsel of record.